Benton v. Hamilton et al.

No. 12,819.

BENTON v. HAMILTON ET AL.

TOWN.—*Street Improvement.*—*Contract for with Treasurer Void as Against Property-Owner.*—A contract between a town treasurer and the town for the improvement by the former of a public street is, under section 2049, R. S. 1881, void as against a property-owner assessed on account of the improvement.

SAME.—*Curative Act.*—*Repeal of Statute.*—Section 2049 being a general statute, and there being no repeal thereof, either expressly or by clear implication, contained in the act of March 19th, 1885 (Acts of 1885, p. 99), legalizing the contracts and proceedings of the town, such act did not validate the contract with the treasurer.

From the Jackson Circuit Court.

*B. H. Burrell, R. Applewhite, J. F. Applewhite* and *D. A. Kochenour,* for appellant.

*J. B. Brown, W. K. Marshall* and *R. Hill,* for appellees.

ELLIOTT, C. J.—The first question in this case is this: Is a contract between the town treasurer and the town for the improvement of a public street valid as against a property-owner assessed for the expense of the improvement?

It is conceded that the decision in *Case* v. *Johnson,* 91 Ind. 477, is adverse to the appellant, but it is contended that the decision was wrong, and should be overruled. We can not yield to the counsel's claim, for, in our judgment, the case before us falls fully within the spirit of section 2049, R. S. 1881, as did that of *Case* v. *Johnson, supra.*

A town treasurer is a public officer, although, strictly speaking, not an officer of the State. He is, also, in many respects, the agent of the corporation. As the statute applies to town agents and to public officers, we think there can be no doubt that a person holding that office must be regarded as within the provisions of the statute.

The second question is this: Was the contract with the town treasurer validated by the curative act of March 19th, 1885 (Acts of 1885, p. 99)? This question must receive a negative answer. It is always proper in construing a statute

Benton v. Hamilton et al.

to look to other statutes and to the object to be accomplished. In looking to other statutes, we find a general statute prohibiting a town from making a contract with its treasurer, and it would violate settled principles to assume that the Legislature intended to abrogate this general statute in favor of one particular town or person. It is, indeed, very doubtful whether the Legislature has the constitutional power to do such a thing, but we do not deem it necessary to decide this question of constitutional law. Repeals by implication are not favored, and we can not hold that the Legislature meant by the general words employed in the act of 1885 to repeal a general statute for the benefit of a particular case. Where it is the intention of the Legislature to break down a general statute, such as is section 2049, it is necessary that it be done by a clear implication or express words, and the implication here is far from clear, and there are no express words of repeal. Keeping in view the object evidently intended to be accomplished, mindful of the fact that it is not to be inferred that the Legislature intended to take out of a general statute a contract made in defiance of its provisions, and giving just effect to the doctrine that repeals by implication are not favored, it must be held that the act of 1885 did not validate the contract on which the claim of the appellant rests. Force is added to this conclusion by the fact that contracts by a municipal corporation with one of its own officers, by which a burden is imposed on property-owners, are opposed to the policy of the law, for it can not be assumed that the Legislature, even if it had the power, meant to overthrow this long settled policy, and the general statute as well, for the benefit of a special case.

Judgment affirmed.

Filed April 2, 1887.