Opp v. Ward et al.

No. 14,251.

## OPP v. WARD ET AL.

GUARANTY.—*Guarantor for Lessee.—Judgment against Lessee.—Surety on Appeal Bond.—Guarantor's Right of Action against.—Demand.*—Where a person becomes guarantor for the faithful performance by a lessee of the covenants contained in his lease, and judgment is recovered against the lessee for the possession of the premises and for damages for the refusal to surrender at the end of his term, from which judgment an appeal is taken, resulting in the affirmance thereof, and suit is instituted and judgment recovered against the guarantor for the rental value of the demised premises from the date of the rendition of said judgment until the death of the lessee, which judgment the guarantor paid, the lessee having paid the judgment against himself for damages, the guarantor is entitled to recover the amount so paid by him from the surety on the lessee's appeal bond. No demand is necessary before instituting the suit.

SAME.—*Subrogation.—Liability of Intervening Surety.*—The interposition of the second surety having been the means of involving the first in the liability which he was ultimately compelled to pay, the equity of the first is complete, and he is entitled, on the principles of subrogation, to stand as though the creditor had assigned the appeal bond to him. Where the first surety suffers loss, or where his liability is increased or prolonged so as to render him liable to suffer loss by the intervention of the second, the latter assumes all the risk arising from his voluntary interposition.

SAME.— *When Surety will be Subrogated.*—A surety will not be subrogated to the equities or securities of the creditor until the claim of the latter, for the payment of which he has taken security, has been fully satisfied. To entitle a party to subrogation he must have paid a debt due to a third person, for the payment of which another was in equity primarily liable, and in paying it he must have acted under the compulsion of saving himself from loss, and not as a mere volunteer.

From the Tippecanoe Circuit Court.

*B. W. Langdon* and *T. F. Gaylord*, for appellant.

*R. P. Davidson* and *R. P. Davidson, Jr.*, for appellees.

MITCHELL, J.—The questions for decision arise upon the following facts: In 1876, Wilson & Hanna leased certain premises, in the city of Lafayette, to James H. Telford, who

agreed to pay a stipulated sum as rent, and to surrender the premises at the end of one year. Ward became bound as guarantor for the faithful performance by the lessee of the covenants or agreements contained in the lease. Telford went into possession but refused to surrender at the end of his term, and the lessors recovered judgment against him for possession, and for $164.44 damages. Telford appealed to this court, Opp becoming surety on his appeal bond, by means of which all proceedings to enforce the judgment were suspended, and the lessors were thereby kept out of possession from the 31st day of January, 1878, the date of the judgment, until the 20th day of May, 1881, the judgment having been affirmed on the 15th day of February, 1881. *Telford* v. *Wilson*, 71 Ind. 555. Thereupon, Wilson & Hanna brought suit and recovered judgment against Ward, on his contract of guaranty. The amount recovered was $676, besides costs, the amount specified being the rental value of the leased premises from the date of the judgment appealed from to the 16th day of July, 1880, at which date Telford died, having previously paid the judgment recovered against him for damages. The judgment against Ward was afterwards affirmed by this court on appeal. *Ward* v. *Wilson*, 100 Ind. 52. Ward subsequently paid the judgment recovered against him, which, with accumulated interest and costs, amounted when paid to $838.30, and thereupon he brought this suit against Opp, on the appeal bond. Wilson & Hanna were made parties defendant to answer. They disclaimed any interest in the appeal bond, except that they claimed judgment in their favor for a small amount of costs which remained unpaid in their suit against Telford. The finding of the court was in favor of the plaintiff below.

If the plaintiff was entitled to recover it was because after paying the judgment recovered by Wilson & Hanna against him for the rent that accrued pending the appeal taken by Telford he became subrogated to their rights and remedies upon the appeal bond.

Subrogation is an equitable device, and rests upon the principles of justice and equity which it is intended to accomplish. The doctrine is well established, that one who occupies the attitude of a surety will be subrogated to all the rights, remedies, and securities which the creditor held, in case the former has been compelled to pay a debt which, in equity and good conscience, should have been paid by another. Payment by the surety is equivalent to a purchase from the creditor, and operates as an equitable assignment of the debt, and all its incidents, to the former. *Thomas* v. *Stewart*, 117 Ind. 50; *Pence* v. *Armstrong,* 95 Ind. 191; *Arbogast* v. *Hays*, 98 Ind. 26; *Acer* v. *Hotchkiss*, 97 N. Y. 395. These principles are familiar, and of frequent application.

The application of the doctrine of subrogation requires (1) that a person must have paid a debt due to a third person, for the payment of which another was in equity primarily liable; and (2) that in paying the debt the person paying acted under the compulsion of saving himself from loss, and not as a mere volunteer. *Ætna Life Ins. Co.* v. *Middleport*, 124 U. S. 534; *Hoover* v. *Epler*, 52 Pa. State, 522; *Southall* v. *Farish*, 1 Lawyers' Rep. Ann. 641; Sheldon Subrogation, section 240.

It is insisted, however, that in the case of successive sureties, who become bound by separate obligations for the payment of the same debt, the equity of the last surety is superior to that of the first, and that as the liability of the plaintiff below, as guarantor, was prior in point of time to that of the appellant as surety on the appeal bond, both being bound for the same debt, the equity of the latter was at least equal, if not superior, to that of the former. This view is not maintainable in a case like the one under consideration. It is quite true the plaintiff below became liable, as guarantor, for the payment of all rent, as well as for all damages growing out of the unlawful detention of the property by the tenant. But it is also true that his liability, which theretofore was uncer-

tain and contingent, became certain and fixed when the land-
lord recovered judgment for the possession of the leased
premises, and for damages for their unlawful detention. The
guarantor had the right to pay the amount of the judgment
recovered against his principal, and thus put an end to his
liability at once. By the voluntary intervention of the ap-
pellant, in becoming surety on the appeal bond, all further
proceedings on the judgment by which the landlord was
awarded the right of immediate possession, were stayed, and
the hands of the guarantor were effectually tied until the
appeal was disposed of. It is settled that the sureties on an
appeal bond given by a judgment defendant on appeal from
a judgment for the possession of real estate are liable not
only for the money judgment, but also for the rental value
of the real estate pending the appeal, to an amount not ex-
ceeding the penalty of the bond. *Opp* v. *Ten Eyck*, 99 Ind.
345; *Hays* v. *Wilstach*, 101 Ind. 100; *Graeter* v. *De Wolf*,
112 Ind. 1; *Stults* v. *Zahn*, 117 Ind. 297.

Upon the determination of the appeal, the landlord had
his election to sue on the appeal bond and recover the rental
value of the premises unlawfully detained, or to proceed
against the guarantor on the lease. He adopted the lat-
ter alternative. If he had sued on the appeal bond and
recovered judgment against the surety, it is quite certain
that the latter would have had no standing in a court of
equity to recover from the guarantor. This is so because
he occupies the position of a volunteer, and as is perti-
nently said in *Acer* v. *Hotchkiss, supra:* "One who is
only a volunteer can not invoke the aid of subrogation, for
such a person can establish no equity." *Gans* v. *Thieme*,
93 N. Y. 225. Having intervened as a volunteer, and by
his interposition stayed proceedings on the judgment for
possession to the prejudice of the guarantor, whose liability
had become fixed and at an end, so far as respects future
rents, it must be considered in equity that he did so upon
the condition that he would take the place of the guarantor

from that time forward. *Barnes* v. *Mott*, 64 N. Y. 397; *Hinckley* v. *Kreitz*, 58 N. Y. 583; *Schnitzel's Appeal*, 49 Pa. St. 23.

The interposition of the second surety having been the means of involving the first in the liability which he was ultimately compelled to pay, the equity of the first is complete, and he is entitled, on the principles of subrogation, to stand as though the creditor had assigned the appeal bond to him. *Brandenburg* v. *Flynn*, 12 B. Mon. 397; *Bohannon* v. *Combs*, 12 B. Mon. 563; Brandt Suretyship and Guaranty, section 227; Sheldon Subrogation, section 131.

One who intervenes without the solicitation of a surety, and by his interference ties the hands of the latter so as to prolong or add to his liability, and prevent the effectual enforcement of the judgment or process against the principal, as it might have been but for his intervention, can not be made to say that he occupies a position which should commend him to the favor of a court of equity.

The conclusion above stated is in nowise in conflict with that reached in *Kane* v. *State, ex rel.*, 78 Ind. 103. In that case the principal had given bond with sureties to the State, conditioned, among other things, that he would pay all fines and costs which might be assessed against him for any violation of the statute regulating the sale of intoxicating liquors. Fines were afterwards assessed against him, which, with costs, amounted to a considerable sum. These were afterwards paid by one who became replevin bail for the stay of execution, and it was correctly held that the bail became subrogated to the rights of the State, and entitled to maintain a suit against the sureties on the bond. In that case, however, the liability of the sureties on the bond was in no way enlarged or prolonged, nor was the situation of the sureties in any way changed by the intervention of the replevin bail. Possibly, if it had been shown that the principal had property out of which the fine and costs could have been made in case execution had issued when the fines

were assessed, and that he had since disposed of the property to the prejudice of the sureties on the bond, a different conclusion might have been reached.

Where the first surety suffers loss, or where his liability is increased or prolonged so as to render him liable to suffer loss by the intervention of the second, the latter assumes all the risk arising from his voluntary interposition. In such a case there is no injustice in requiring the second surety to perform his undertaking according to its terms, since by his intervention he has been the means of involving the first surety in a liability which otherwise he might have escaped. The conclusion above is not in conflict with that reached in *Holmes* v. *Day,* 108 Mass. 563.

It is undoubtedly true, as the appellant contends, that a surety will not be subrogated to the equities or securities of the creditor until the claim of the latter, for the payment of which he has taken security, has been fully satisfied. *Vert* v. *Voss,* 74 Ind. 565 ; Sheldon Subrogation, section 127. The reason is, that the law will not permit the right of action to enforce the security to be divided between the creditor and the surety, nor allow the debtor to be subjected to the inconvenience of two actions instead of one.

In the present case the creditors were made parties to the suit. They disclaimed any interest in the bond, except as to some costs, and the finding of the court fails to show that they are entitled to recover anything on the bond. All those who had any interest in the bond were before the court, and it was not so material whether they were plaintiffs or defendants, so that the judgment settled the rights of all the parties before the court. *Morningstar* v. *Cunningham,* 110 Ind. 328 ; *Home Ins. Co.* v. *Gilman,* 112 Ind. 7. Upon the facts as found it appears, therefore, that the creditor's claim has been fully satisfied, and that the surety can not be again vexed by another suit on the appeal bond. There was no necessity that a demand should have been

made before instituting the suit. It does not appear that the amount of the recovery was too large.

There was no error.

The judgment is affirmed, with costs.

Filed May 28, 1890; petition for a rehearing overruled Oct. 7, 1890.