## MOORHOUSE ET AL. *v.* KUNKALMAN ET AL.

[No. 21,776. Filed November 28, 1911. Rehearing denied May 9, 1912.]

1. APPEAL.—*Several Appellants.—Title of Appeal.—Separate Assignment of Errors.—Sufficiency.*—Rule six of the Supreme Court does not require one appeal to have different titles, because several appellants each assign error separately, nor is it necessary to repeat the title in each separate assignment; it being sufficient to set out the names of all the parties appellants and appellees in the title, and the name of each appellant in his separate assignment of error. p. 476.

2. DRAINS.—*Proceedings to Establish.—Repeal of Statute.— Costs of Proceeding.*—Where a drainage petition was filed under the circuit court drainage act of 1885 (§5622 et seq. Burns 1901, Acts 1885 p. 129) and the commissioners employed help and commenced the work of viewing and laying out the ditch, and were still engaged in the work at the time of the enactment of the drainage law of 1905 (Acts 1905 pp. 447, 456), and thereafter on showing that the proceedings were in conflict with said act of 1905 the petition was dismissed for want of jurisdiction, the act of 1885, though repealed by the act of 1905, must be treated under §248 Burns 1908, §248 R. S. 1881, as still remaining in force for the purpose of sustaining the enforcement of liability for services rendered by such commissioners and employes. p. 478.

3. DRAINS.—*Proceedings to Establish.—Repeal of Statute.—Dismissal of Proceedings.—Recovery of Costs.*—The rule that costs are given or withheld by statute, and the right to recover costs not already reduced to judgment must cease with the extinguishment of the right of action to which they are incident applies only to parties to the action, but does not apply to commissioners and their assistants, who were not parties to the record in a drainage proceeding which was dismissed because of the repeal of the statute under which the proceeding was started. p. 478.

4. CONTRACTS.—*Violation of Statute.—Void.*—A contract in violation of a statute prohibiting the doing of the thing contracted for is void. p. 479.

5. DRAINS.—*Proceedings to Establish.*—*Action for Services by Commissioners and Assistants.*—*Pleading.*—*Sufficiency.*—The petitions of drainage commissioners and their assistants, in which they seek allowances for services rendered in laying out a drain, both before and after the repeal of the statute under which the drainage proceeding was started, and the enactment of §6162 Burns 1908, Acts 1905 p. 447, imposing a penalty for locating or laying out drains such as the one laid out by them, are sufficient where no motion was filed to require the specific dates of the rendition of the services to be set forth therein.   p. 480.

6. DRAINS.—*Petition to Establish.*—*Affecting Lakes of More Than Ten Acres Area.*—Where a drainage petition states that the proposed drain will affect lakes therein named, but does not state the area of such lakes, the court cannot say that the petition on the face thereof sought to affect lakes with an area of over ten acres.   p. 480.

7. DRAINS.—*Proceedings to Establish.*—*Petition.*—*Affecting Lakes.*—*Repeal of Statute.*—*Recovery for Services.*—Where a drainage petition was sufficient to put the drainage commissioners on inquiry as to the size of certain lakes to be affected by the proposed drain, they can not recover for services rendered after the statute under which the petition was filed had been repealed and the establishment of drains affecting lakes of more than ten acres area was rendered unlawful, except for such services as were rendered in good faith in ascertaining the area of the lakes.   p. 480.

8. DRAINS.—*Dismissal of Petition to Establish.*—*Proceeding to Ascertain Allowances of Commissioners.*—*Title.*—Where after the dismissal of a drainage petition the drainage commissioners and their assistants sought an adjudication of the amounts due them for their services theretofore rendered in viewing and laying out the drain, the institution of their proceedings under the title of the original petition for drainage was correct.   p. 480.

9. PLEADING.—*Motion to Strike Out.*—*Demurrer.*—A motion to strike out cannot perform the office of a demurrer for want of facts, and it is error to strike out a pleading based on the insufficiency of facts therein alleged.   p. 481.

10. DRAINS.—*Parties to Proceeding to Ascertain Value of Services Rendered in Viewing and Laying out.*—*Sureties on Bond of Petitioners.*—Where drainage commissioners and their assistants are seeking an adjudication in accordance with §5644 Burns 1901, Acts 1885 p. 129, of the value of their services in viewing and laying out a drain, the sureties on the bond of the petitioners for such drain are proper parties defendant.   p. 481.

11. DRAINS.—*Proceedings to Establish.*—*Repeal of Statute.*—*Effect.*—*Liability for Expense of Viewing and Laying out Drain.*—

Where a drainage proceeding was commenced under the act of 1885 (§5622 et seq. Burns 1901, Acts 1885 p. 129), the fact that the act was repealed before the drain was established so that there could be no right to demand that the sums due to the commissioners and their assistants for viewing and laying out the drain, when ascertained and fixed by the court, should be advanced from the county treasury as provided by §5644 Burns 1901, §11 Acts 1885 p. 129, does not affect the liability of the petitioners for the drain for the necessary expenses incurred under their petition. p. 481.

12. APPEAL.—*Final Judgment.*—Where the petition of drainage commissioners and their assistants for allowances were stricken out on motion and the court adjudged that they take nothing by their petitions and that defendants recover costs, the judgment was a final judgment from which an appeal is authorized. p. 482.

From Noble Circuit Court; *Francis E. Bowser,* Special Judge.

Action by John W. Moorhouse and others against John A. Kunkalman and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Pickett & Carver* and *Leonard, Rose & Zollars,* for appellants.

*Eph K. Strong, William F. McNagny, Rob R. McNagny* and *Phil M. McNagny,* for appellees.

MORRIS, C. J.—In November, 1903, John A. Kunkalman and others filed in the Noble Circuit Court their petition for a public drain, under the circuit court drainage act of 1885, and its amendments (Acts 1885 p. 129, §5622 *et seq.* Burns 1901).

Objection was made to the appointment of the Noble county drainage commissioner and county surveyor, as commissioners in the proceeding, because of disqualifications, and the objection was, by the court, sustained, and the court thereupon appointed appellants John W. Moorhouse, John A. Jennings and Charles W. Bender as drainage commissioners for the proceeding, and referred the petition to them, as provided for in the act, and ordered them to meet on February 8, 1904, and to commence the performance of their

duties as such commissioners. The commissioners qualified, and commenced their work as ordered. They employed appellant Fred B. Moore, then county surveyor of Noble county, as engineer, to assist them in the discharge of their duties, and employed the other appellants to render services in connection with viewing and laying out the ditch, as assistant engineers, chainmen, axmen, etc. The commissioners, assisted by their engineer and other employes, were engaged in the work when the drainage law of 1905 (Acts 1905 p. 456) was enacted. At various times the commissioners filed applications for an extension of time within which to file their report, some of which were subsequent to May 15, 1905, when the repeal of the drainage act of 1885, *supra,* became effective. All these applications were granted. Finally, on January 1, 1906, the commissioners filed their report, finding the proposed drain to be of public utility, and providing for its construction on certain specifications therein set forth, and assessed benefits against numerous tracts of land, to be derived from the construction thereof. In their report the commissioners seem to have disregarded the provisions of the drainage act of 1905 (Acts 1905 p. 447, Acts 1905 p. 456), which prohibited attempts to drain fresh-water lakes of an area of ten acres or more.

Certain interested parties filed verified pleas, challenging the jurisdiction of the court to proceed further, based on the ground that the construction of the drain would affect several fresh-water lakes, each containing more than ten acres. Such proceedings were had thereupon as resulted in a judgment dismissing the petition for want of jurisdiction. From this judgment the petitioners appealed to this court, and the judgment below was affirmed. *Kunkalman* v. *Gibson* (1909), 171 Ind. 503, 84 N. E. 985, 86 N. E. 850. Appellants here were not parties to the proceeding. No allowance was ever made to appellants for their services as commissioners, engineer, chainmen, etc., but, in the report, such allowances were asked.

On May 11, 1909, these appellants filed in the court below their several motions, therein setting forth the proceedings had under the drainage petition, and services by each of them performed, and praying that the amount due each for his services be ascertained and allowed, and ordered taxed as a part of the costs of the cause. Due notice was given to the original petitioners for the drain, and the sureties on their bond, all of whom appeared and filed separate motions to strike out appellants' motions, or petitions, on the grounds that the court had no jurisdiction to determine appellants petitions, because of the repeal of the statute and the former dismissal of the proceeding, and because the petitions did not state facts sufficient to entitle the petitioners to any relief. Each of the appellant's petitions was entitled:

"State of Indiana, Noble County, SS. In the Noble Circuit Court, May Term, 1909. In the matter of the petition for drainage by John Kunkalman et al. No. 4566."

The above was the title and number of the original proceeding instituted by the petitioners for the drain.

The court sustained appellees' motions to strike out and dismiss, and final judgment was rendered against appellants, from which this appeal is prosecuted. Each of the appellants has assigned as error the action of the lower court in striking out his petition for the allowance and taxation of a certain sum in his favor as costs.

Appellees, who were sureties on the drainage petition bond, have filed a separate brief, and claim that in no event was any cause of action stated against them in the several petitions of appellants, and consequently the judgment, as to them, should be affirmed.

The petitions of appellants were all of the same general tenor. Each sets out a brief history of the proceeding, and alleges that a certain number of days of service was performed by the petitioner, the kind of service rendered, and the amount due petitioner; that said facts were set forth

in the report of the commissioners filed in January, 1906, and allowance therein asked, but the court never made any allowance therefor, and the same is due and unpaid, and the petitioner prays the court to make an allowance for the sum asked, and that such sum be ordered taxed as a part of the costs of the proceeding. Certain of the axmen, chainmen and rodmen, assigned their accounts for services to other persons, who, as such assignees, filed their petitions in the cause, and are appellants here.

At the outset, it is claimed by appellees that no question is presented to this court for decision, on account of alleged defects in the assignments of error caused by the failure to set forth the title of the cause and the names of all the parties to the appeal, in each of the assignments of error.

Rule six of this court does not require one appeal to have different titles, because several appellants each assign error separately, nor is it necessary to repeat the title

1.   in each separate assignment; it is sufficient, where, as here, the names of all the parties—appellants and appellees—are set out in the title, and the name of each appellant is set out in his separate assignment of error. *Breyfogle* v. *Stotsenburg* (1897), 148 Ind. 552, 47 N. E. 1057.

This was not a suit on the drainage bond, nor was any judgment asked against any of the appellees. The only relief sought was adjudication of the amounts due the petitioners for their services.

Section 2 of the drainage act of 1885 (Acts 1885 p. 129, §5623 Burns 1901) as amended in 1903 (Acts 1903 p. 253) contained the following provision: "That at the time of the filing of said petition, said petitioner, or petitioners, shall give a bond, with good and sufficient freehold sureties, payable to the state, to be approved by the court, conditioned to pay all expenses in the event the court shall fail to establish said proposed drain."

Section 11 of the act of 1885, *supra*, (§5644 Burns 1901),

contained the following provision: "For their services under the third section of this act the drainage commissioners and engineer, and the chainman, axman and rodman, if any shall be by them employed, shall be allowed and paid out of the county treasury such compensation as the court shall determine, not to exceed $4 per day to the surveyor, $3 per day to the drainage commissioners, except the surveyor, and $1.50 per day for the chainman, axman and rodman: Provided, That the county treasury shall be reimbursed in such sums as are so paid out by the assessments collected as hereinbefore provided."

Section 4 of the act of 1885, *supra* (§5625 Burns 1901), provides, among other things, that if the judgment of the court supports remonstrances for certain causes, "the proceedings shall be dismissed, at the cost of the petitioners, including the costs and per diem of the commissioners."

Section 248 Burns 1908, §248 R. S. 1881, in force since July 2, 1877, provides that "the repeal of any statute shall not have the effect to release or extinguish any    *    *    * liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action    *    *    * for the enforcement of such    *    *    * liability."

Section 14 of the drainage act of 1905 (Acts 1905 p. 456) repealed all former legislation on the subject of drainage, but provided that the repeal should not affect then pending proceedings, wherein a ditch had been established, or in which there is "no attempt to, and which will not lower or affect any lake or body of water that has to exceed ten acres of surface," etc. This act went into effect May 15, 1905.

An act approved March 6, 1905 (Acts 1905 p. 447, §6162 Burns 1908), prohibited, with a penalty of fine and imprisonment, drainage commissioners from recommending the establishment of any ditch cutting into or through or upon

the line of any fresh-water lake or lakes, or locating any drain, having a bottom depth lower than the present water line of such lake, within forty rods of any point on the line of such lake where the line or any portion thereof is known or ascertainable.

We think it was the intention of the General Assembly in the enactment of the act of 1885 to make the petitioners liable to the persons rendering them, for the services

2. of the commissioners and necessary assistants by them employed, in case the proposed drain should fail to be established, whether the cause of such failure might be one of those named in the statute (Acts 1885 p. 129, §5625 Burns 1901), or be the repeal of the statute itself.

The right to enter on another's land to construct a ditch was unknown to the common law, and is wholly a creature of statute. The General Assembly in enacting the law, and the drainage petitioners in commencing this proceeding, must have contemplated that the statute authorizing it might be repealed before the proposed work could be established, and after commissioners should have rendered honest and valuable services in discharging their statutory duties. When such services are rendered, a liability therefor accrues as soon as the services are performed, and this liability was not destroyed by the repealing act in controversy, and consequently by §248, *supra,* the drainage statute of 1885, *supra,* shall be treated as still remaining in force for the purpose of sustaining any proper action for the enforcement of such liability. *Pittsburgh, etc., R. Co.* v. *Oglesby* (1905), 165 Ind. 542, 76 N. E. 165; *Bruce* v. *Cook* (1894), 136 Ind. 214, 35 N. E. 992; *Kunkalman* v. *Gibson, supra; Taylor* v. *Strayer* (1906), 167 Ind. 23, 78 N. E. 236, 119 Am. St. 469.

But, it is claimed by appellees, this court decided in *Taylor* v. *Strayer, supra,* and *Kunkalman* v. *Gibson, supra,* that costs are given or withheld by statute, and the right

3. to recover costs not already reduced to judgment must cease with the extinguishment of the right of

action to which they are incident, and that the rule applies here. That the above rule applies to the parties to the action was so decided in the above cases, and is too well settled to require the citation of authorities. In *Kunkalman* v. *Gibson, supra*, this court said on page 512: "As between the parties hereto it cannot be said that unadjudged costs constitute a liability within §248 Burns 1908, * * * and, as between such parties, the repeal of the statute and the dismissal of the proceeding did not affect any vested or contractual right." But the rule can have no application here. No party to the drainage proceeding is here seeking a judgment against his adversary for his costs laid out and expended. This proceeding is by persons not parties to that record, but disinterested persons whose services were rendered pursuant to the provisions of a statute whose aid was invoked by those petitioners, which statute not only made them liable for the "expenses" of such services, but, as a condition precedent to securing the services, required the petitioners to secure the liability for such expenses by a sufficient bond. Appellees' contention for the application of the rule here, therefore, is not tenable.

Appellees next contend that appellants are barred from any relief because of the provisions of the act of March 6, 1905 (Acts 1905 p. 456), which prohibited commissioners, under penalty, from doing any thing in a proceeding attempting to affect a fresh-water lake of over ten acres in area.

The legal principle stated by appellees' counsel is settled beyond controversy in this State. A contract in violation of the terms of such a statute is utterly void, and no

4. right can be founded on the violation of the law. *Wingate* v. *Harrison School Tp.* (1877), 59 Ind. 520; *Case* v. *Johnson* (1883), 91 Ind. 477; *Benton* v. *Hamilton* (1887), 110 Ind. 294, 11 N. E. 238; *Noble* v. *Davison* (1912), *ante*, 19, 96 N. E. 325.

In this case, however, the petitioners are seeking to recover

for services rendered before the repeal of the drainage stat-
ute, and before the enactment of the criminal statute.

5.  They are also apparently seeking to recover for serv-
ices rendered after the criminal statute took effect,
and after the repeal of the drainage law. In their petitions,
the specific dates of the rendition of the services are not set
forth. For some of the services rendered, petitioners for
the drain would be liable, and for others, not. No motion
was filed to make appellants' petitions more definite in this
respect, and, consequently, even on demurrer for insufficient
facts, they would repel such demurrer.

The drainage petition does not specifically state that the
proposed work will affect lakes of an area of more than
ten acres, although it does state that it will go through

6.  Sanford lake and other lakes; and inasmuch as the
areas of these lakes are not stated, the court could not
say that the petition on the face thereof sought to affect
lakes with an area of over ten acres. *Roush* v. *Morrison*
(1874), 47 Ind. 414. But there was enough stated in the
petition to put commissioners on inquiry as to the size of the
lakes, and, after the repeal of the statute became ef-

7.  fective, the commissioners could not recover for any
services thereafter rendered, except such as might
be rendered by them, in case they were ignorant of the size
of the lakes, in ascertaining their areas; and in no event
could they recover for services of any kind performed after
the repeal of the law, unless such services were in good faith
rendered in ascertaining the areas of the lakes.

Appellees insist that because this proceeding was entitled
the same as the original drainage proceeding, which had
been dismissed, the court was without jurisdiction.

8.  As said before in this opinion, appellants were not
parties to that dismissal, nor parties to the proceed-
ing. We think this proceeding was correctly instituted
under the title of the original petition for drainage.

It is also claimed by appellees, who were sureties on the

bond, that no cause of action is stated against them in the petitions of appellants, and, consequently, the court did not err in sustaining their motions to strike out and dismiss the petitions. It is alleged in each of appellees' motions that the petitions did not state sufficient facts to entitle the petitioners to any relief. A motion to strike out cannot perform the office of a demurrer for want of facts. Otherwise a party would be precluded from amending his pleadings. It is error to sustain a motion to strike out a pleading, based on the insufficiency of the facts therein alleged. *Atkinson* v. *Wabash R. Co.* (1896), 143 Ind. 501, 41 N. E. 947; *Guthrie* v. *Howland* (1905), 164 Ind. 214, 73 N. E. 259, and cases cited; *Hart* v. *Scott* (1907), 168 Ind. 530, 81 N. E. 481.

It is further insisted by appellees, that as appellants are not demanding any judgment against them, the court did not err in dismissing the proceedings.

The statute, as a condition precedent to the right of the commissioners, and others by them employed, to receive compensation for their services, requires the amounts due them to be ascertained and fixed by the court. §5644 Burns 1901, Acts 1885 p. 129, §11. Appellants' proceedings are in accord with the provisions of the statute and the sureties on the bond are proper parties defendant. This statute further provides that the amounts fixed by the court should be advanced to the parties entitled thereto out of the county treasury, the latter to be afterwards reimbursed out of the assessments collected. As the statute was repealed before the ditch was established, no assessments were made, and consequently there could be no right to demand that these sums, when ascertained and fixed by the court, should be advanced from the county treasury, but this in nowise affects the petitioners' liability for the necessary expenses incurred under their petition for a drain that was never established.

Appellees further maintain that under the decision of this court in *Board, etc.,* v. *Jarnecke* (1905), 164 Ind. 658, 74 N. E. 520, they cannot be held liable for these expenses. In that case the ditch had been established and assigned to a commissioner for construction, and thereby the petitioners for the drain were relieved from liability for costs and expenses. The fact that afterwards the construction of the drain was enjoined by the federal court could not create a new liability for costs from which they had become exempt on the establishment of the drain. That decision is not applicable to the situation here.

Counsel for appellee also contend that the judgment here is not a final one from which appellants are authorized to appeal.

Immediately after sustaining appellees' motions to strike out appellants' petitions for allowances, the lower court adjudged that each of the appellants take nothing by his petition, and appellees recover of appellants their costs in this cause expended. This was a final judgment authorizing the appeal taken.

Other questions are argued in the briefs filed by counsel, but in view of the conclusions reached, as stated in this opinion, it is not necessary to discuss them.

Judgment reversed, with instructions to overrule each motion filed by appellees to strike out appellants' petitions for allowances, and for further proceedings not inconsistent with this opinion.

Note.—Reported in 96 N. E. 600. See, also, under (1) 2 Cyc. 985; (2) 36 Cyc. 1215; (3) 11 Cyc. 69; (4) 9 Cyc. 475; (6) 14 Cyc. 1030; (9) 31 Cyc. 619; (10) 31 Cyc. 125; (11) 14 Cyc. 1049; (12) 2 Cyc. 605. As to rights of parties to illegal contracts, see 67 Am. Dec. 153.