## FAST ET AL *v.* STATE OF INDIANA, EX REL. BOARD OF COMMISSIONERS OF THE COUNTY OF ALLEN.

[No. 22,430. Filed January 8, 1915.]

1. ACCOUNT.—*Action for Money Due County.—Parties.*—The State is not a proper plaintiff in an action on account for recovery of money belonging to a county. p. 608.

2. DRAINS.—*Proceedings to Establish.—Action on Bonds for Expenses.—Parties.*—Where the county is not the obligee in bonds given by petitioners in a drainage proceeding to secure the payment of expenses incident to the proceeding, its board of commissioners is not the proper relator in an action thereon unless it has in some way succeeded to the rights of the original parties in interest. p. 608.

3. SUBROGATION.—*Right to Relief.*—The doctrine of subrogation is founded on natural justice, and its application requires that the party invoking it must have paid a debt due to a third person, for the payment of which another was primarily liable, under compulsion of saving himself from loss, and not as a mere volunteer. p. 608.

4. DRAINS. — *Proceedings to Establish. — Payment of Costs on Termination of Proceedings.—Subrogation by County.*—The drainage act of 1881 (Acts 1881 p. 410, §5655 Burns 1901), as well as the act of 1903 (Acts 1903 p. 120), which amended said act and §§4300, 4314 R. S. 1881, provided for the payment of the compensation allowed to engineers, viewers and others engaged in locating a public drain, out of the county treasury only in the event the drain was established by the board of county commissioners, and left the liability therefor solely with the petitioners where the drain petitioned for was not established; hence the payment by a county of such expenses in a proceeding commenced under the act of 1903, in which the drain was never

established, was a mere voluntary payment and did not entitle the county to be subrogated to the rights of the persons to whom such payment was made. p. 608.

From Adams Circuit Court; *James T. Merryman,* Judge.

Action by the State of Indiana, on the relation of the Board of Commissioners of the County of Allen, against Arthur C. Fast and others. From a judgment for relator, the defendants appeal. *Reversed.*

*John H. Aiken* and *T. E. Ellison,* for appellants.
*Clark Lutz* and *Ballou, Hoffman & Romberg,* for appellee.

SPENCER, J.—This action has its origin in a drainage proceeding begun by appellant Fast and others before the Board of Commissioners of Allen County on April 27, 1903. Pending the establishment of the proposed drain the statute under which the proceeding was begun (Acts 1881 p. 410, §5655 Burns 1901), was repealed by the General Assembly of 1907 and the proceeding terminated. *Zintsmaster* v. *Aiken* (1909), 173 Ind. 269. At that time there was due to engineers, viewers, and others, a considerable sum of money for services rendered and expenses incurred in said proceeding and such claimants filed their claims with the board of commissioners of Allen County. The same was allowed by said board and paid out of the treasury of Allen County after the county council, on December 7, 1907, had appropriated sufficient moneys from the general funds of the county to meet such payments. On December 23, 1910, the board of commissioners filed this suit in the Allen Circuit Court to recover "for moneys paid out and advanced by Allen County." Subsequently, the cause was venued to the Adams Circuit Court where, on motion of said board of commissioners, the complaint was amended by substituting as party plaintiff the State of Indiana, on the relation of said board. The complaint, both as originally filed and as amended, sets out the several bonds filed by appellants to secure the payment of expenses incident to the proceeding in case the board of commissioners

should fail to establish the proposed drain. Some question is raised as to the theory on which the complaint is drafted but in view of the conclusion reached herein that question is not material. If appellants' contention that the

1. suit is on account for the recovery of money belonging to Allen County is sustained, then the State is not the proper plaintiff. *State, ex rel.* v. *Casper* (1903),

2. 160 Ind. 490. On the other hand, Allen County is not the obligee in any of the bonds set out in the complaint and its board of commissioners is not the proper relator in a suit on such bonds unless it has in some manner succeeded to the rights of the original parties in interest.

Appellee contends that by paying the claims in question Allen County became subrogated to the rights of the original claimants and is entitled in this action to recover

3. from appellants the amount so paid from its treasury. The doctrine of subrogation is not founded on contract, express or implied, but on natural justice, and is enforced in behalf of sureties and others who are bound to pay for self-protection. Its application requires, first, that the party invoking the doctrine must have paid a debt due to a third person for the payment of which another was primarily liable; and second, that in paying said debt the person paying acted under the compulsion of saving himself from loss, and not as a mere volunteer. *Opp* v. *Ward* (1890), 125 Ind. 241, 243, 21 Am. St. 220.

The question first to be determined, then, is, What liability, if any, to pay the claims in question rested on Allen County? The act which governed the original drain-

4. age proceeding was passed in 1881 (Acts 1881 p. 410) and provided that the compensation allowed to engineers, viewers and others engaged in the work of locating a public ditch under the provisions of said act should be paid out of the county treasury when collected by the treasurer as other taxes are collected. §§4300, 4314 R. S. 1881. This

act, including the sections just referred to, was amended by
the legislature from time to time until, in 1903, the pro-
visions relative to the collection and payment of damages
and compensation were repealed and replaced by an act of
the General Assembly of that year. Acts 1903 p. 120. Said
act provided ''That whenever the Board of Commissioners
establish a public ditch, drain or water course, it shall order
the viewers, * * * or the reviewers * * * to meet
at a time and place specified after the lapse of ten days and
make a final report in which * * * they shall apportion
the costs of the location thereof; the damage, if any shall
have been allowed, and compensation to the surveyor or
engineer, the viewers, reveiwers and laborers, who assisted
the viewers in marking out the ditch * * *.'' The act
further provided that before such final report should be filed
the surveyor, engineer, viewers or reviewers should file with
the auditor an itemized account of the services rendered in
viewing or reviewing the ditch; that the compensation
earned and the damages sustained should be ''paid from the
county treasury upon an order from the Auditor to the par-
ties entitled thereto, and all compensation and damages shall
be collected by the county treasurer, as other taxes are
collected, and when collected shall be placed in the county
fund to compensate the county for said costs and damages
previously paid as required by this act.'' It will be noted,
however, that the above provisions had reference to such pub-
lic ditch, drain or watercourse *as should be established by
the board of commissioners.* The drainage statutes govern-
ing this proceeding nowhere authorized the payment from
the county treasury of expenses incurred in connection with
a proposed drainage which was not established. The lia-
bility for such expenses rested solely with the petitioners and
the county was under no obligation to pay them. *Moor-
house* v. *Kunkalman* (1911), 177 Ind. 471, 481.

At the trial of this cause, the court made a special finding

Vol. 182—39

of facts covering the issues heretofore set out and stated in its conclusions of law thereon that appellee was subrogated to the rights of all the claimants who filed claims before the board of commissioners of Allen County and should recover on the bonds set out in its complaint. This was error. Since Allen County was not obligated to pay the claims arising out of the drainage proceeding herein and had no legal authority so to do, it stands in the position of a volunteer and is not entitled to be subrogated to the rights of the original claimants.

Judgment reversed, with instructions to the trial court to restate its conclusions of law in accordance with this opinion.

Erwin, C. J., did not participate.

NOTE.—Reported in 107 N. E. 465. As to the right of subrogation, see 99 Am. St. 474. See, also, under (1) 11 Cyc. 609; (3, 4) 37 Cyc. 375.