### State of Indiana, ex rel. The Board of Commissioners of the County of Huntington *v.* Fast et al.

[No. 22,952. Filed February 3, 1916.]

Drains.—*Proceedings to Establish.*—*Action on Bond for Expenses.*— *Parties.*—*Complaint.*—Where the county is not the obligee in a bond given by petitioners in a drainage proceeding to secure the payment of expenses incident to such proceeding, its board of commissioners is not the proper relator in an action thereon unless it has in some way succeeded to the rights of the original parties in interest; hence a complaint on relation of the board of county commissioners, on a bond payable to the State of Indiana, to recover the amount of expenses paid by the county in a drainage proceeding, was insufficient in the absence of anything to show that relator had by direct assignment succeeded to the rights of those whose claims it paid, and as the board's action was voluntary it was not entitled to be subrogated to the rights of the original claimants.

From Grant Circuit Court; *H. J. Paulus*, Judge.

Action by the State of Indiana, on the relation of The Board of Commissioners of the County of Huntington, against Arthur C. Fast and others. From a judgment for defendants, the relator appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Burdge H. Hurd, Fred H. Bowers* and *Milo N. Feightner*, for appellant.

*T. E. Ellison* and *John H. Aiken*, for appellees.

SPENCER, J.—Action by the State of Indiana, on relation of the board of commissioners of Huntington County, to recover from appellees the sum of $2,129.15, which was allowed by such board of commissioners and paid by the auditor and treasurer of that county as expenses incurred in a certain drainage proceeding instituted by appellees. The cause was filed in the Huntington Circuit Court and subsequently venued to the Grant Circuit Court where separate demurrers to appellant's complaint were sustained and, on its refusal to plead further, a judgment was rendered against it and in favor of appellees for costs.

A history of the drainage proceeding out of which this suit arises may be found in the case of *Zintsmaster* v. *Aiken* (1909), 173 Ind. 269, 88 N. E. 509, 90 N. E. 82, and it is unnecessary here to repeat the same in stating the substance of appellant's complaint. That pleading further charges that while said drainage proceeding was pending before the boards of commissioners of Allen and Huntington counties, acting jointly, certain persons and corporations duly filed their claims for services rendered therein; that certain of said claims were allowed by the relator and subsequently paid by the auditor and treasurer of Huntington County out of moneys theretofore appropriated by the county council for that purpose; that said moneys were so paid and advanced by said county on behalf of the drainage proceeding and for the benefit of the petitioners therein. A copy of the bond filed by the petitioners, which is payable to the State of Indiana and conditioned that its signers, who are the appellees herein, will pay all expenses incident to said proceeding in case the drain should not be established, is made a part of the complaint and a recovery is sought on the bond.

As was decided in the case of *Fast* v. *State, ex rel.* (1915), 182 Ind. 606, 107 N. E. 465, where the county is not the obligee in a bond given by petitioners in a drainage proceeding to secure the payment of expenses incident to said proceeding, its board of commissioners is not the proper relator in an action thereon unless it has in some way succeeded to the rights of the original parties in interest. The complaint at bar, however, fails to state any facts tending to show that the relator herein has by direct assignment succeeded to the rights of those whose claims it has paid, and as, to refer again to the decision in *Fast* v. *State, ex rel., supra,* its action in paying said claims was voluntary, it is not entitled to be subrogated to the rights of the original claimants.

On the authority of the above decision the judgment of the trial court in the case at bar is affirmed.

Erwin, J., not participating.

Note.—Reported in 111. N. E. 306. As to subrogation as affected by voluntary payment, see 99 Am. St. 493. On the right of one paying another's or a stranger's debt to be subrogated to the rights of the creditor, see 23 L. R. A. 124; 16 L. R. A. (N. S.) 233. See, also, 14 Cyc 1033; 37 Cyc 375.