STATE OF INDIANA, EX REL. BOARD OF COMMISSIONERS OF HAMILTON COUNTY *v.* KAUFMAN ET AL.

[No. 23,277. Filed November 20, 1917.]

1. DRAINS. — *Proceedings to Establish.* — *Bonds.* — *Statutes.* — Under §1 of the drainage law of 1903 (Acts 1903 p. 504), providing that the petitioner should file a bond payable to the State, conditioned to pay all expenses if the court failed to establish the proposed drain and §5644 Burns 1901, Acts 1885 p. 129, providing that the drainage commissioners and engineer, and the chainman, axman and rodman employed by them shall be allowed and paid out of the county treasury such compensation as the court shall determine, not to exceed an amount specified therein, provided that the county treasury shall be reimbursed for money so paid by the assessments collected, the bond is for the benefit of the commissioners, rodman, axman, etc., where the proposed drain is not established. p. 605.

2. DRAINS.—*Proceedings to Establish.—Expenses.—Liability of County.—Statute.*—Section 5644 Burns 1901, Acts 1885 p. 129, relative to the establishment of drains, providing that the drainage commissioners and engineer, and the chainman, axman and rodman employed by them shall be allowed and paid out of the county treasury such compensation as the court shall determine, not to exceed an amount specified therein, provided that the county treasury shall be reimbursed for money so paid, does not contemplate that such payments be made out of the county treasury before the drain is established and reimbursement assured from the collections of assessments, the petitioners being liable for all expenses until that time. pp. 605, 607.

3. SUBROGATION.—*Voluntary Payment.*—*Right of Payor.*—In a proceeding to establish a drain, where the county paid the drainage commissioners and the rodman and axman employed by them and the petition was subsequently dismissed at the cost of the petitioner, who was liable for the expenses so paid, the county was not entitled to reimbursement from the petitioner and the surety on his bond on the principle of subrogation, as the county was under no obligation to pay such compensation and did not act under any compulsion to save itself from loss. pp. 607, 608.

4. SUBROGATION.—*Pleading.*—*Payment under Order of Court.*— *Allegations.*—*Sufficiency.*—In an action by a county to recover from a drainage petitioner and the surety on his bond for the payment made by it of certain expenses preliminary to the establishment of a drain, a complaint alleging that the verified claims were allowed by the court and paid out of the county treasury as required by law, but not setting out the order, if any, directing the county treasurer to pay such claims, does not state facts sufficient to present the question as to whether the payments were made under color of law, in that they were made under an order of court in full force and effect. p. 608.

5. COURTS. — *Decisions.* — *Dictum.* — *Force and Effect.* — While *dictum* in an opinion may be advisory, yet it is not always advisedly worded, and is therefore of no controlling force. p. 609.

From Wabash Circuit Court; *William H. Eichhorn,* Special Judge.

Action by the State of Indiana, on the relation of the Board of Commissioners of Hamilton county, against Roscoe A. Kaufman and another. From a judgment for defendants, the relator appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Burdge H. Hurd,* for appellant. .

*Roscoe A. Kaufman, C. W. Watkins* and *C. A. Butler,* for appellees.

MYERS, J.—At the September, 1906, term of the Huntington Circuit Court, in a certain drainage proceeding in which appellee Kaufman was the petitioner, bills for services rendered by the drainage commissioners, rodmen, axmen, and for materials used by them,

aggregating $1,559.75, were by that court allowed and the same were paid by the county treasurer of Huntington county, Indiana, in November, 1906. This action was brought to compel appellees to reimburse the county for the money thus paid. A demurrer to the complaint was sustained, and this ruling is assigned as error.

The drainage proceedings terminated May 25, 1909, when on appeal to this court, the judgment of the Huntington Circuit Court dismissing the proceedings was affirmed. *Kaufman* v. *Alexander* (1909), 173 Ind. 136, 88 N. E. 502. The opinion in that case, in substance, states the facts which form the basis for this action.

The drainage commissioners made their report on October 2, 1906, locating the proposed drain, and when the county treasurer paid the amounts for which reimbursement is now sought, the proceedings were pending on the report made pursuant to the act of 1885, as amended. This act, with its amendments, was repealed by an act of the general assembly approved March 11, 1907 (Acts 1907 p. 508, §6140 *et seq.* Burns 1914), which provided that all pending proceedings should be completed under the new act, except such as were commenced under the act of 1905, (Acts 1905 p. 456, §5622 *et seq.* Burns' Supp. 1905), and they were to be concluded under that act. On April 17, 1907, and after the new law took effect, a two-thirds remonstrance was filed, as authorized by §3, Acts 1907, *supra*, to the report of the drainage commissioners, resulting in the court dismissing the petition at the cost of the petitioner, and the drain was never established.

Appellees insist that the county was not under any obligation to make the payments in question; that they were purely voluntary, and that it is not entitled to subrogation, citing *Fast* v. *State, ex rel.* (1914), 182 Ind. 606, 107 N. E. 465, and *Moorhouse* v. *Kunkalman* (1911), 177 Ind. 471, 96 N. E. 600.

State, ex rel. *v.* Kaufman—186 Ind. 602.

The petitioner for the drain proceeded under the act of 1885 as amended. Acts 1885 p. 129, §5622 *et seq.* Burns 1901. This act as finally amended in 1903 (§1, Acts 1903 p. 540) made it necessary for the petitioner to file with his petition a bond to be approved by the court, which was done, with appellee Joseph ·G. Amiss, as surety thereon, conditioned to pay all expenses in the event the court failed to establish the proposed drain. The bond was made payable to the state, for the convenience and benefit of any person injured by the petitioner's refusal to pay "all expenses" on account of such proceedings in case the drain was not established. The bond was clearly for the benefit of the persons whose claims had been audited and allowed by the court and in this case paid out of the county treasury. That part of §11, *supra* (§5644 Burns 1901), relative to the present question reads as follows: "For their services under the third section of this act, the Drainage Commissioners and Engineer, and the chainman, axman and rodman, if any shall be by them employed, shall be allowed and paid out of the County Treasury such compensation as the Court shall determine, not to exceed four dollars per ·day to the Surveyor, three dollars per day to the Drainage Commissioners, except the Surveyor, and one dollar and fifty cents per day for the chainman, axman and rodman: Provided, That the County Treasury shall be reimbursed in such sums as are so paid out by the assessments collected as hereinbefore provided."

We have not been able to find any provision in the circuit court drainage act which is here controlling, nor has our attention been called to any in force at the time the county made the payments in question providing for the reimbursement of the county treasury by the petitioners under facts similar to the ones before us. Drainage proceedings are purely

statutory, and where a right or remedy is claimed, such claimant should be able to point to a statute upon which to predicate such claim. In our opinion the legislature did not contemplate that such payments, as here in question, would be made out of the county treasury before the drain was established, for until that time, the petitioners were liable to all persons rendering services, as well as for all other expenses. *Moorhouse* v. *Kunkalman, supra.* After that time, such payments were to be paid out of the county treasury, as in that event reimbursement was assured by express statutory provision casting the burden equitably upon all benefited. In *Moorhouse* v. *Kunkalman, supra,* referring to §11, it is said: "This statute further provides that the amounts fixed by the court should be advanced to the parties entitled thereto out of the county treasury, the latter to be afterwards reimbursed out of the assessments collected. As the statute was repealed before the ditch was established, no assessments were made, and consequently there could be no right to demand that these sums, when ascertained and fixed by the court, should be advanced from the county treasury, but this in nowise affects the petitioners' liability for the necessary expenses incurred under their petition for a drain that was never established."

The case at bar is not prosecuted by those whose services were rendered pursuant to a statute invoked by the petitioner; if so, there would be no question as to his liability. But appellant in support of its insistence calls our attention to §1, Acts 1903 p. 120, and §§1 and 5, Acts 1903 pp. 421, 424. Both of these acts pertain to proceedings begun before the board of county commissioners. The first of these acts was considered by this court in the case of *Fast* v. *State, ex rel., supra,* and it was held there that payment for the services of an engineer, viewers, reviewers and laborers was payable

out of the county treasury only when the proposed drain was established. The second had to do with repairing a public drain and is not in point.

Appellant also insists that if the petitioner is not liable to reimburse the county in this instance, because of no statute expressly so providing, then he is 3. liable upon the theory that, the county having paid claims for which he was answerable, it thereby became subrogated to the rights of the claimants. We cannot agree with this contention. This insistence could be sustained only by sanctioning a principle which would have authorized the petitioners in the Moorhouse case to demand, as a matter of right, the payment of their claims out of the county treasury. For, if the right of payment out of the county treasury was given by law, conditioned only upon the amounts due being first ascertained and fixed by the court, then the establishment or nonestablishment of the drain would not affect claimants' right to have their claims paid out of the county treasury. For, in either event, the county would be entitled to reimbursement from the assessments or the petitioner as the case might be. This is not the law. The only provision in the 2. statute here controlling for reimbursing the treasury is found in the same section authorizing the payment, and is stated thus, §11 *supra*: "For their services * * * shall be allowed and paid out of the County Treasury * * *: Provided, That the County Treasury shall be reimbursed * * * by the assessments collected." It would seem to us that the word "provided" as used in §11 creates a condition or limitation on the generality of the words preceding it; that is to say, the compensation shall be paid out of the county treasury on condition that such treasury is reimbursed out of the assessments collected. *Heaston*

v. *Board, etc.* (1863), 20 Ind. 398, 403; 3 Bouvier, Law Dictionary (Rawles' 3d ed.) 2760.

As we have seen, the drain was not established, no assessments were made, and consequently no assessments were collected. Appellant therefore seeks 3. reimbursement from the drainage petitioner. But by what authority is it to succeed? The answer suggested is by right of subrogation. Let us apply this doctrine. In *Opp* v. *Ward* (1890), 125 Ind. 241, 24 N. E. 974, 21 Am. St. 220, this court by Mitchell, J., said: "The application of the doctrine of subrogation requires (1) that a person must have paid a debt due to a third person, for the payment of which another was in equity primarily liable; and (2) that in paying the debt the person paying acted under the compulsion of saving himself from loss, and not as a mere volunteer." It cannot be said that the county, in the present case, acted under any compulsion of saving itself from loss, for according to our view, as said in *Fast* v. *State, ex rel., supra*: "The liability for such expenses rested solely with the petitioners and the county was under no obligation to pay them."

Appellant takes the position that the payments in question were made under color of law; that is to say, they were made under an order of court which is 4. in full force and effect. This position cannot be sustained for the reason that the complaint does not set out the order, if any was made, directing that the county treasurer pay the claims, or that the allowances so made be paid out of the county treasury. The only allegations on that subject are, that the verified claims were allowed by the judge of the circuit court, and were paid out of the county treasury as required by law. The complaint therefore does not state facts sufficient even to present a question calling for a ruling thereon.

Appellant relies largely upon the case of *Monger* v. *Pavey* (1912), 178 Ind. 666, 98 N. E. 625. The facts in that case furnished by the opinion in many respects are very similar to the ones in the case at bar. That appeal was taken from a judgment retaxing and reducing a part of the allowances made to the drainage commissioners, engineers and other persons, but in this court only one of the appellants assigned error. It appearing from the record that his only grievance was a judgment against him for costs, which accrued by reason of the motion to retax the costs and allowances, this court refused to entertain the appeal for the purpose of settling who should pay these costs. All that was said in that case pertaining to the right of the county to be reimbursed by the petitioners for expenses paid out of the county treasury was unnecessary in the decision of the case, and was foreign to the ques-

5. tion decided. While *dictum* in an opinion may be advisory, yet it is not always advisedly worded, and is therefore of no controlling force. Judgment affirmed.

NOTE.—Reported in 117 N. E. 643. Parties entitled to the right of subrogation, 99 Am. St. 496. See under (3) 37 Cyc 375; (4) 37 Cyc 390; (5) 11 Cyc 755.