## BURBANK ET AL. *v.* SLINKARD ET AL.

SHERIFF.—*Liability for Default.—Compulsory Payment.—Execution for Use of Sheriff.*—Where a sheriff, by neglecting or refusing to return an execution within the period required by law, has become liable, under section 482 of the code, to the judgment-plaintiff in the amount which he might and should have levied by virtue of the execution, and the judgment-plaintiff has claimed payment of such amount of the sheriff, who has accordingly paid the judgment-plaintiff, such payment is compulsory, within the intent of section 676 of the code, and the judgment on which such execution was issued is not thereby discharged, but remains in force, the lien thereof on real estate unaffected, for the benefit of the sheriff, who is entitled to execution thereon for his use, to reimburse him for the amount he has thus been compelled to pay.

From the Greene Circuit Court.

*W. I. Baker, L. Shaw, E. E. Rose, J. D. Alexander* and *E. Short*, for appellants.

*A. G. Cavins* and *E. H. C. Cavins*, for appellees.

WORDEN, C. J.—This was an action by the appellants against the appellees, to enjoin the sale of certain lands upon an execution, and to adjudge the judgment on which it issued satisfied, upon the ground that it had been paid.

Issue, trial by the court, finding and judgment for the defendants.

The only question involved here is, whether the finding was sustained by the evidence.

The facts, briefly stated and stripped of extraneous matters not affecting the case, are these:

In May, 1871, Ari Armstrong recovered a judgment, in the court of common pleas of said county, against William Wines and others, for nearly seven hundred dollars. This judgment was a lien on certain real estate of Wines', situate in said county, which has been purchased by the plaintiffs on executions against Wines, issued upon judgments junior to that of Armstrong. These purchases were made, therefore, subject to the lien of Armstrong's judgment. An execution was issued on the Armstrong judgment in February, 1872, and was placed in the hands of Henry S. Slinkard,

who was then the sheriff of the county, for service. No levy seems to have been made under this execution; but several sums of money were paid to the sheriff by Wines, which sums, with proper deductions, were paid over to Armstrong, leaving a portion of the judgment unpaid. No return was made to this execution until the fall of 1874. After the return day of the execution, Armstrong's agent went to see Slinkard about the matter, and the latter said he had not the money. Armstrong's agent then consulted a lawyer about suing Slinkard on his bond, but commenced no suit. Afterwards, the agent saw Slinkard and told him that if he did not get the money, he would institute a suit against him, Slinkard, on his bond as sheriff, for it. Slinkard said, if he paid the money, he would have to advance it; but he soon after paid the residue of the judgment. This was about October 20th, 1872. In November, 1874, Slinkard procured an execution to be issued upon the judgment, for his use, upon which to make the amount so paid by him on the judgment, which was placed in the hands of Francis M. Dugger, who was then sheriff, for service. Dugger levied the execution upon the lands in question, when his proceedings were arrested by a temporary injunction, which, however, was dissolved upon the final trial of the cause.

The question arises, whether, on these facts, the judgment should be regarded as paid and for all purposes extinguished, or kept alive for the benefit of Slinkard.

Executions are returnable within one hundred and eighty days from their date. 2 Rev. Stat. 1876, sec. 412, p. 200.

" If any sheriff shall neglect or refuse to return any execution, as required by law, or shall make a false return thereon, he shall be amerced in such amount as he might and should have levied by virtue of the execution." 2 Rev. Stat. 1876, sec. 482, p. 222.

It is not controverted that, under the statute above quoted, Slinkard was liable to Armstrong for the unpaid residue of the judgment, at the time the former paid such residue.

We have also the following statutory provision:

"When any defendant-surety in a judgment or special bail or replevin-bail, or surety in a delivery-bond or replevin-bond, or any person being surety in any undertaking whatever, has been or shall be compelled to pay any judgment or any part thereof, or shall make any payment which is applied upon such judgment by reason of such suretyship, or when any sheriff or other officer, or any surety upon his official bond, shall be compelled to pay any judgment or any part thereof, by reason of any default of such officer, except for failing to pay over money collected, or for wasting property levied on, the judgment shall not be discharged by such payment, but shall remain in force for the use of the bail, surety, officer, or other person making such payment, and after the plaintiff is paid, so much of the judgment as remains unsatisfied may be prosecuted to execution for his use." 2 Rev. Stat. 1876, sec. 676, p. 297.

There can be no doubt, under this provision, that if Slinkard was "compelled" to pay Armstrong the residue of the judgment, the judgment was not thereby discharged; but Slinkard was entitled to have execution thereon for his use, to reimburse him for the amount he was thus compelled to pay. This, as we understand the brief of counsel for the appellants, is conceded. But they claim that the payment made by Slinkard was voluntary, and not compulsory, and, therefore, that the case does not come within the statute.

We have come to a different conclusion. Slinkard was liable to Armstrong for the amount of the unpaid portion of the judgment. He was compelled by the law, and under threat of legal proceedings, to pay it. We do not decide that the threat of the suit added anything to the compulsory character of the payment. It seems to us that it was sufficient that Slinkard was by law liable to Armstrong for the money, and that the latter claimed it of him. There was a legal compulsion on Slinkard to pay it, upon Armstrong's demand.

It is a maxim of the law, that what one may be compelled to do by suit, he may do without suit. No good purpose

would have been·subserved by withholding payment until suit and judgment; but payment without suit saved useless litigation and unnecessary costs.

We are of opinion that where the officer is liable to the judgment-creditor, and the latter claims payment of him, which is accordingly made, the payment is compulsory, within the spirit and intent of the statute. All the analogies of the law, it seems to us, favor this construction.

The case is totally unlike those that have been cited by counsel for the appellants, in which it has been held that a party who voluntarily pays an illegal claim against him cannot recover it back of the party to whom it is paid; and that such payment will be regarded as voluntary, unless made to release the person or property from process; a ·threatened action being insufficient to render the payment compulsory. *The Town of Ligonier* v. *Ackerman,* 46 Ind. 552, and cases there cited.

An important difference between those cases and that in judgment is found in the difference between an illegal and a legal claim. The law does not compel the payment of the former, while it does of the latter. A party upon whom an illegal demand is made should resist payment, and not supinely pay·it, without setting up his defence, expecting to afterwards recover back the payment. But a party upon whom a legal demand is made is justified in making payment without resistance. Such a payment, it seems to us, entitles the party making it to all the rights which he would have if the payment had been extorted by means of a judgment and execution against him, he, of course, taking the burthen of showing, where the fact is material, that the demand.was a legal one which could have been enforced by action against him.

We are of opinion that the finding was sustained by the evidence, and hence, that the motion for a new trial was correctly overruled.

The judgment below is affirmed, with costs.