# Hubbard v. Security Trust Company, Receiver.

### [No. 5,718.    Filed May 29, 1906.]

1. Receivers. — *Relation to Creditors.* — *Executions.* — The appointment of a receiver does not affect the relation of creditors to the assets in his hands, but merely suspends the ordinary remedies for the enforcement of debts.    p. 158.

2. Subrogation.—*On What Depends.*—The doctrine of subrogation is independent of contract relations, and applies in all cases where another in good conscience ought to pay.    p. 158.

3. Executions. — *Delivery Bonds.* — *Principal and Surety.*—The principal upon a delivery bond given to recover possession of property taken upon execution is primarily liable, and his duty is to hold his surety thereon harmless.    p. 158.

4. Subrogation.—*Surety on Delivery Bond.*—*Receivers.*—The surety on a delivery bond is subrogated to the rights of the judgment creditor, as against the receiver for the judgment debtor, where such surety has been compelled to pay such bond; and it is not necessary that the question of suretyship be adjudicated in the statutory manner, in order for him to claim such right of subrogation.    p. 158.

5. Executions.—*Personal Property.*—*Liens.*—An execution is a lien upon the judgment debtor's personal property from the time it comes into the proper officer's hands.    p. 159.

6. Same.—*Lien.*—*Suspension.*—The taking of the judgment debtor's delivery bond entitles such debtor to the custody of the goods named therein for the time, but does not discharge the lien of such execution.    p. 159.

7. SUBROGATION.—*Surety.*—*Executions.*—*Receivers.*—*Appeal and Error.*—The surety on a delivery bond, who is compelled to pay such bond, is entitled to priority in his claim filed with the receiver of the execution debtor, and if such priority be denied by the trial court, he may appeal.   p. 160.

From Marion Circuit Court (13,385); *Henry Clay Allen,* Judge.

Suit by Walter J. Hubbard against The Security Trust Company as receiver of the Topp Hygienic Milk Company. From a decree denying all the relief prayed, plaintiff appeals. *Reversed.*

*C. B. Clarke, W. C. Clarke* and *M. M. Batchelder,* for appellant.

*Frank C. Groninger,* for appellee.

ROBY, J.—The question for decision grows out of the following facts:   The Varney Electric Company in 1904 obtained a judgment in a justice of the peace court of Marion county against the Topp Hygienic Milk Company for $117.29.   An execution was issued thereon in due form, and placed in the hands of a constable, who levied upon a team of horses, harness and wagon belonging to said milk company, which thereupon gave a delivery bond therefor, the same being executed by appellant as its surety, and by virtue of which said company retained possession of said property.   It failed to pay the value of or deliver said property as required by the terms of said bond, and the electric company, by reason of said default, recovered judgment upon said bond against appellant for the sum of $144.37, and caused an execution against him to issue thereon, by reason of which he was compelled to and did pay the amount of said judgment and costs.   In the meantime, a receiver for the milk company had been appointed, who took possession of the horses, harness and wagon above specified and sold the same for $180.   Nothing has been paid by the milk company or receiver upon said judgment, nor to appellant, who intervened in the matter

of said receivership and petitions the court for an order requiring the receiver to pay him the amount paid by him as aforesaid. The court found upon these facts that appellant's claim was no lien upon the assets in the hands of the receiver, and allowed it as a general claim. Appellant's position is that he is entitled to have said amount allowed as a preferred claim.

The receiver occupies no different position with regard to the property released by said delivery bond or its proceeds than would the milk company had no receiver for it been appointed. The effect of a receivership is to suspend the ordinary remedies for the enforcement of liability and render necessary a resort to the court having jurisdiction therein. *McAnally* v. *Glidden* (1902), 30 Ind. App. 22.

The doctrine of subrogation is independent of any merely contractual relations between the parties to be affected thereby, and applies to every instance where one person is required to pay a debt for which another is primarily answerable and should, in good conscience, pay. *Johnson* v. *Barrett* (1889), 117 Ind. 551, 552; *Peirce* v. *Higgins* (1885), 101 Ind. 178; *Warford* v. *Hankins* (1898), 150 Ind. 489.

Appellant was not liable for the payment of the Varney judgment. He was not primarily liable for the payment of the judgment rendered upon the bond against him, the duty of the milk company being to return the property or make payment as it had agreed to do, and thereby hold its surety harmless.

The case is one which demands the application of the equitable doctrine of subrogation, and appellant is entitled, as against the receivership, to the same remedies that the original creditor might have. It is urged by appellee that the question of appellant's suretyship has not been adjudicated. The answer to this objec-

tion is that the right which it is sought to enforce is an equitable one and equally available whether the question of suretyship has or has not been adjudicated in the statutory manner. *Thomas* v. *Stewart* (1889), 117 Ind. 50, 53.

It remains, therefore, only to inquire what right the judgment creditor held. An execution operates as a lien on the personal property of the judgment debtor, liable to be seized on it from the time it comes to the hands of the officer. §1576 Burns 1901, §1508 R. S. 1881.

Such property taken in execution may be returned to the execution defendant upon the delivery of a written undertaking, with sufficient surety to the effect that the property shall be delivered to the officer at a time and place named in the undertaking, to be sold according to law, or for the payment to the officer of the value thereof. §§756, 1582 Burns 1901, §§744, 1514 R. S. 1881. Upon the condition of such bond being broken, the execution plaintiff may prosecute his remedy thereon, or by alias execution cause the same or other property to be levied on, or having failed in either remedy may resort to the other. §1583 Burns 1901, §1515 R. S. 1881. The issuance of an alias writ upon the return of an execution by the officer that he has a delivery bond, is made obligatory, and under it the property first levied upon may be sold in the same manner as on the first execution. §1578 Burns 1901, §1510 R. S. 1881. The effect of the delivery bond is to entitle the defendant to the custody of the goods. It does not operate to discharge any lien or right of the judgment creditor. *Bick* v. *Lang* (1896), 15 Ind. App. 503; *Gass* v. *Williams* (1874), 46 Ind. 253; *Dunn* v. *Crocker* (1864), 22 Ind. 324; *Jaeger* v. *Stoelting* (1868), 30 Ind. 341.

Appellant submitted his right to the trial court for adjudication. He had a right to appeal from any order

160    APPELLATE COURT OF INDIANA,

Indianapolis Traction, etc., Co. *v.* Smith—38 Ind. App. 160.

adverse to his interest.   He was entitled, not only
7.  to have his claim allowed, but that it be given
priority.   *Savannah* v. *Jesup* (1882), 106 U. S.
563, 27 L. Ed. 276; *Bloxham* v. *Consumers, etc., St. R.
Co.* (1895), 36 Fla. 519, 29 L. R. A. 507; *Farmers Loan,
etc., Co.* v. *Canada, etc., R. Co.* (1891), 127 Ind. 250, 260.

Judgment reversed, and cause remanded, with instruc-
tions to sustain motion for a new trial and further pro-
ceedings.