## NATIONAL MUTUAL INSURANCE COMPANY OF WASHINGTON, D. C. v. MARYLAND CASUALTY COMPANY.

[No. 19,370. Filed February 7, 1963. Rehearing denied April 2, 1963. Transfer denied April 3, 1964.]

*Straley Thrope,* of Hammond, for appellant.

*Spangler, Jennings, Spangler & Dougherty,* and *William S. Spangler,* of Gary, for appellee.

MOTE, P. J.—This appeal involves an action commenced in the Lake Circuit Court by Maryland Casualty Company, appellee, against American Fidelity and Casualty Company, Inc., and National Mutual Insurance Company of Washington, D. C., appellant, to recover payment made by the appellee by reason of what has been styled variously as an original redelivery bond, attachment bond and surety bond, executed by appellee in behalf of one Saunders, ancillary to a proceeding commenced in the Lake Superior Court and venued to the Porter Circuit Court, for property damages allegedly caused by Saunders' agent and driver in the operation of a tractor-trailer combination. The appellant had issued to said Saunders a policy of insurance covering said tractor-trailer for property damage in the sum of Five Thousand ($5,000.00) Dollars, which was in effect at the time of the collision.

A pertinent part of the policy or insuring agreement as disclosed by the record makes the following provisions:

> ". . . To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of the use thereof caused by accident and arising out of the ownership, maintenance or the use of the automobile . . .
> ". . .

6. Action against Company—coverages A and B:

". . . Any person or organization or the legal representative thereof who has secured judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by the policy . . ."

It appears that David Johnson Company, Inc., the obligee named in said bond, recovered a final judgment in the sum of Ten Thousand ($10,000.00) Dollars in its action for property damages against the said Saunders and Reed Trucking Company, Inc., lessee of the tractor-trailer combination at the time of the accident.

The record shows that the judgment of Ten Thousand ($10,000.00) Dollars rendered in favor of plaintiff, David Johnson Company, Inc., for property damages to its building against Saunders et al., was satisfied and released upon the payment by appellee, after demand, of Five Thousand ($5,000.00) Dollars to the judgment creditor and the further payment of Five Thousand ($5,000.00) Dollars by said American Fidelity and Casualty Company, Inc.

Appellee filed a complaint in two paragraphs seeking to recover from appellant and American Fidelity and Casualty Company, Inc., the sum of Five Thousand ($5,000.00) Dollars so paid by it, and the issues were closed by an answer in three paragraphs; however, it is admitted in its brief that the second (2nd) and third (3rd) paragraphs raised no issues which concern this appeal.

The cause was submitted to the court, without jury, on January 21, 1959, on a stipulation of facts, the pertinent details of which are contained in this

opinion. The aforementioned bond, omitting formal parts and signatures, is as follows:

"We, Paul B. Saunders and the Maryland Casualty Company acknowledge ourselves bound to David Johnson Company, Inc., in the penal sum of Five Thousand ($5,000.00) Dollars.

The condition of the above obligation is that: Whereas, the said plaintiff has filed his complaint herein against this defendant and has by his written undertaking attached certain personal property belonging to this defendant, to-wit:

One Brockway Motor Vehicle Tractor, Delaware License 'C25968, Serial #39199, Motor #46 B 2698. Now in consideration of the plaintiff and the Sheriff of Lake County, Indiana, releasing unto the defendant the said described property, this defendant and his surety herein hereby stipulate and agree to substitute for said property their joint and several bond herein and undertake to pay all costs and damages adjudged against this defendant in the principle action herein to the extent as herein provided"

The court found against appellant and in favor of appellee in the sum of Five Thousand ($5,000.00) Dollars and held the American Fidelity and Casualty Company not liable, and rendered judgment accordingly.

Appellant filed its motion for a new trial on the grounds, (1) that the decision of the court is not sustained by sufficient evidence and, (2) that the decision was contrary to law. The motion was overruled, and this appeal followed.

The only error relied upon for reversal was that the trial court erred in overruling the said motion for new trial. The sole proposition urged by appellant for reversal is that the decision is contrary to law because the trial court erroneously extended the law of subrogation under the facts of the case.

Basically, appellant bottoms its position on the theory that appellee was a mere volunteer in assuming the obligations defined in the bond issued by it. ██ This position is untenable. A party, without compulsion, making a voluntary payment of the debt of another is not entitled to subrogation. *Fast et al.* v. *State of Indiana ex rel. Board of Commissioners of the County of Allen* (1915), 182 Ind. 606, 107 N. E. 465; *Indiana Trust Co.* v. *Beagley, Treasurer, et al.* (1938), 105 Ind. App. 502, 15 N. E. 2d 758. However, it is held that a right of subrogation does exist in favor of one, who, bound as a surety, pays the debt or obligation of the principal under the compulsion of his suretyship obligation. *Fidelity and Deposit Co. of Maryland* v. *Sluss* (1938), 214 Ind. 258, 15 N. E. 2d 372, 117 A. L. R. 575; *Hubbard* v. *Security Trust Co., Receiver* (1906), 38 Ind. App. 156, 78 N. E. 79; *Fast et al.* v. *State of Indiana ex rel. Board of Commissioners of the County of Allen, supra.* Indeed, Indiana, by statute, contemplates subrogation when a surety pays a judgment rendered against his principal.

"When . . . any person being surety in any undertaking whatever, has been or shall be compelled to pay any judgment or any part thereof, or shall make any payment which is applied upon such judgment by reason of such suretyship . . . the judgment shall not be discharged by such payment but shall remain in force for the use of the . . . person making such payment. . . . [Acts 1881 (Spec. Sess.), ch. 38, §740, p. 240]; §3-2505, Burns' 1946 Replacement."

In the case of *Burbank et al.* v. *Slinkard et al.* (1876), 53 Ind. 493, the court, having come to the conclusion that one Slinkard was liable to one Armstrong for the amount of the unpaid portion of a judgment,

in response to the argument that Slinkard was a volunteer and not entitled to subrogation, stated:

"He was compelled by the law, and under threat of legal proceedings to pay it. We do not decide that the threat of the suit added anything to the compulsory character of the payment. It seems to us that it was sufficient that Slinkard was by law liable to Armstrong for the money, and that the latter claimed it of him. There was a legal compulsion on Slinkard to pay it, upon Armstrong's demand.

"It is a maxim of law, that what one may be compelled to do by suit, he may do without suit."

The existence of the right of subrogation is well defined in *Peirce* v. *Higgins et al.* (1884), 101 Ind. 178, wherein the court said:

"The surety's right to subrogation comes into existence with his contract; his rights flow from that contract and accrue when it is executed. . . . These rights continue in undiminished vigor from their inception until the termination of his liability. It needs no particular form of contract to create them, for they are created by law and are legal incidents of the undertaking."

Appellant has failed to distinguish between one voluntarily paying the debt of another and one voluntarily entering into a suretyship contract.

The appellant does not deny that appellee was bound by the bond, which, by its terms, was a substitution of the security of the bond for the property. Therefore, it was a bond for discharge of attachment or a restitution bond. §3-519, Burns' 1946 Replacement; *Elder-Stearns Law of Suretyship* §10.24 (5th ed. 1951). The execution of the bond discharges the attachment and when judgment is obtained resort may be had to the bond instead of

the property. *Bick et al.* v. *Lang et al.* (1896), 15 Ind. App. 503, 44 N. E. 555. Therefore, when appellee, on demand, paid the obligee, it did so, not as a volunteer, but under compulsion of the provisions of its bond. Appellant seeks to support his position by citing cases from foreign jurisdictions, which occur to us not to be of help in supporting its theory. For example, appellant strongly relies on *Wasco County* v. *New England Equitable Ins. Co.* (1918), 88 Or. 465, 172 Pac. 126. In that case a bank had loaned money to a contractor and had taken an assignment of his rights on his construction contract. The contractor defaulted and his surety on the construction bond paid materialmen and laborers' claims. The court held that the surety's right of subrogation entitled it to be repaid out of funds withheld on the construction contract by the owner ahead of the assignee bank. Appellant interprets the case as denying the bank the right of subrogation because it voluntarily loaned the money and took the assignment. However, since the bank was claiming as an assignee of contract rights, not entitled to the right of subrogation, the case has no application to the facts in the present case.

We have considered other authorities cited by the parties to this appeal. Having concluded that appellee was not a volunteer under the circumstances the authorities cited by appellant do not have significance. *Vonderahe, Executor, etc.* v. *Ortman et al.* (1957), 128 Ind. App. 381, 147 N. E. 2d 924, as both parties point out, emphasizes the general rule regarding subrogation, as follows:

"The right of subrogation is not founded upon contract, express or implied, but upon principles of

equity and justice, and includes every instance in which one party, not a mere volunteer, pays a debt for another, primarily liable, which in good conscience should have been paid by the latter."

And this court further said in the Ortman case:

"While necessarily incomplete as to all aspects of the rule, the principle, as quoted, suffices in most instances as an applicable affirmation. Fundamentally, as impliedly stated in the quoted pronouncement, the doctrine of subrogation or, as is sometimes stated, the 'doctrine of substitution,' is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay it." *Kamarata, etc. et al.* v. *Hayes Freight Lines, Inc.* (1952), 123 Ind. App. 222, 108 N. E. 2d 723.

The appellant also asserts that a right of subrogation exercised by appellee would impose upon it a different contract from the one it entered into with Saunders. Appellant bases this contention on the fact that there was no obligation on the part of the appellant to apply for or furnish a bond to release an attachment. However, according to the terms of the policy issued by appellant to its assured, it undertook with respect to property damage coverage to:

"Pay all premiums on bonds to release attachments for an amount not in excess of the applicable limit of liability of this policy, all premiums on appeal bonds required in any such defendant suit, the costs of bail bonds required of the insured in the event of accident or traffic law violation during the policy period, not to exceed the usual charges of surety companies, nor One Hundred Dollars ($100.00) per bail bond, but without any obligation to apply for or furnish such bonds."

From the above language, it cannot be gainsaid that appellant could not anticipate, by its contract, a situation such as arose in the damage action against its assured. We fail to see how appellant's contract is changed, since, in respect to its policy holder, appellant was an insurer, bound to pay liability within the limits of its policy and therefore bound to pay the liability of Saunders to David Johnson Company, Inc., without redress from its assured. Appellee was surety only, and as such, could have recovered payments made, under the terms of the bond, from its principal, or from the principal's insurer, appellant herein, through the right of subrogation. If recovery from appellant is denied, Saunders would be placed in the position of carrying his own risk even though he had purchased, and presumably paid a premium for, insurance protection.

Therefore, the mere fact that appellee filed a bond, undertaking, a surety, to pay any final judgment within the limits of the penal liability of the bond, which might be rendered in the pending action for damages against Saunders, did not relieve appellant from its obligation under the policy to Saunders.

In addition, appellant contends that contractual rights it has by reason of the lease agreement between Saunders and Reed Trucking Company will be destroyed if subrogation is allowed. The pertinent part of the lease is as follows:

"THIS AGREEMENT BY and between Paul Saunders of Woodside, Delaware, Lessor, and Reed Trucking Co., Inc., of Milton, Delaware, Lessee. WITNESSETH:
1. The lessor hereby leases to the lessee the following described motor vehicle equipment:
                                                    I C C

Make Motor No. Serial No. License No. Plate No.

Truck ---------------------------------------------------------------------------

Trailer  Trailmobile              T2155  Delaware

Tractor  Brckwy                   C25968  Delaware

Wherever it (or they) may be, for a period of one trip from Shelbyville, Delaware to Chicago, Illinois expiring when the delivery is completed pursuant to shipping instructions.

. . ..

3. During the period of this lease the said vehicle or vehicles shall be solely and exclusively under the direction and control of the lessee who shall also be liable to the shipper or consignee for any loss, damage or unreasonable delay of the cargoes, for any property damage that may be caused by the operation of the said vehicle or vehicles by the lessee, and for any public liability resulting from the said operation by the lessee subject, however, to such, if any, rights or subrogation which the insurance companies of the lessee may have under the circumstances.

. . ."

The said lessee likewise had in effect at the time of the collision, insurance coverage for property damages, issued by American and Fidelity Casualty Company, Inc. The action resulting in this appeal was begun against both insurance companies, but only appellant was found to be liable. We have found nothing in appellant's briefs or which has been pointed to in the record which suggests that the decision of the trial court as to the American Fidelity and Casualty Company is not in accordance with the law and evidence.

We are not here dealing with the rights of original and subsequent sureties as concern so many of the cases cited. Rather, we have before us the rights of a surety, which, not as a volunteer, but as an aid in the litigation, secured the release of the vehicle from

attachment, as the result of which, upon demand for, and payment of, the surety's obligation, it became subrogated to, or substituted for, all the rights of its principal and judgment creditor as well. *Fidelity & Deposit Co. of Maryland* v. *Sluss, supra.*

The evidence, together with the Indiana law applicable thereto, are such that the trial court's decision may be considered to rest upon a firm foundation.

Judgment affirmed.

Hunter, Kelley, Pfaff, JJ., concur.

NOTE.—Reported in 187 N. E. 2d 575.