The OHIO CASUALTY GROUP OF INSURANCE COMPANIES, Appellant (Cross–plaintiff below), 4

v.

ROYAL–GLOBE INSURANCE COMPANIES, Appellee (Cross–defendant below).

Donald V. JOHNSTONE, Plaintiff Below,

v.

Douglas S. BATES, H. E. Sintz & Associates, the Ohio Casualty Group of Insurance Companies and Royal–Globe Insurance Companies, Defendants Below.

No. 2–280A37.

Court of Appeals of Indiana, Second District.

Dec. 23, 1980.

SHIELDS, Judge.

Appellant Ohio Casualty Group of Insurance Companies (Ohio) appeals from the trial court's grant of a motion for summary judgment in favor of Royal–Globe Insurance Companies (Royal–Globe).

We reverse.

Ohio and Royal–Globe had each issued policies of insurance to Donald Johnstone. Johnstone was involved in an automobile accident while driving an automobile which was not specifically listed as an insured vehicle in either policy. When Johnstone was sued by others involved in the accident, Royal–Globe denied coverage under its policy and refused to defend. Ohio initially denied coverage under its policy but later defended Johnstone in the lawsuit and eventually paid a settlement.

In an action brought by Johnstone against Royal–Globe and Ohio, Ohio filed a cross–claim against Royal–Globe seeking to recover the costs of defending and settling the third–party lawsuit against Johnstone.[1]

In support of its cross–claim, Ohio conceded it had no legal obligation to defend Johnstone or to pay the settlement. However, Ohio maintained it had done so under the mistaken but good faith belief that it was legally obligated. Ohio contended Royal–Globe, pursuant to its policy with Johnstone, should have defended and settled the lawsuit against Johnstone.

Royal–Globe moved for summary judgment on the basis that Ohio, having no obligation to Johnstone, was acting as a mere volunteer when it expended monies on his behalf and was therefore not entitled to subrogation.[2] The trial court granted the motion under this theory.[3]

John T. Hume, III, Michael E. Simmons, Smith & Jones, Indianapolis, for appellant.

John R. Hiner, Osborn & Hiner, Indianapolis, for appellee.

---

1. In the instant action Johnstone alleged the insurance policies issued by Ohio and Royal–Globe provided coverage for his personal injuries and property damage. This claim was separated from the cross–claim of Ohio. At the trial of Johnstone's claim, Ohio and Royal–Globe were granted judgments on the evidence.

2. Royal–Globe did not deny it was liable under its policy.

3. In granting Royal–Globe's motion for summary judgment on the basis Ohio Casualty was a mere volunteer when it assumed the defense of the suit brought by the third parties and paid the settlement, the trial court found: (1) an inconsistency in Ohio's denial of coverage claimed by Johnstone and yet claiming in its

As was stated in *Home Owners' Loan Corporation v. Henson,* (1940) 217 Ind. 554, 561, 29 N.E.2d 873, 875:

"The right of subrogation is not founded upon contract, expressed or implied, but upon principles of equity and justice, and includes every instance in which one party, not a mere volunteer, pays a debt for another, primarily liable, and which, in good conscience, should have been paid by the latter."

As a general rule a person making payment is a mere volunteer not entitled to subrogation if in making payment he has no right or interest of his own to protect and acts without obligation, moral or legal, and without being requested to do so by a person liable on the obligation. *See Vernon Fire & Casualty Ins. Co. v. Graham,* (1975) 166 Ind.App. 509, 336 N.E.2d 829; *National Mutual Insurance Co. of Washington, D. C. v. Maryland Casualty Co.,* (1963) 136 Ind. App. 35, 187 N.E.2d 575; *Fitzgerald v. Buffalo Co.,* (1953) 264 Wis. 62, 58 N.W.2d 457. However, subrogation is an equitable right and will be granted when an equitable result will be obtained. Therefore, a person who has paid a debt under the colorable obligation to do so or under an honest belief that he is bound or who mistakenly but in good faith believes he is liable is entitled to subrogation. *Dampskibsaktieselskabet etc. v. Bellingham Stevedor. Co.,* (1972) 457 F.2d 889; *Carter v. Carter,* (1948) 251 Ala. 598, 38 So.2d 557; *Williams v. Johnston,* (1968) 92 Idaho 292, 442 P.2d 178; *Home Owners' Loan Corp. v. Henson,* (1940) 217 Ind. 554, 29 N.E.2d 873; *Aetna Casualty & Surety Co. v. Katz,* (1978) Ind.App., 377 N.E.2d 678; *Ragan v. Kelly,* (1942) 180 Md.App. 324, 24 A.2d 289; *In Re Outhwaite's Estate,* (1949) Ohio Prob., 94 N.E.2d 122, affirmed, Ohio App., 94 N.E.2d 59.

Thus, Ohio cannot be classified as a mere volunteer solely because it had, in fact, no legal obligation to Johnstone.[4] The issue of whether Ohio paid the costs of defense and settlement under a mistaken but good faith belief that it was obligated to do so remains undecided and is a genuine issue of material fact. Therefore, we conclude the trial court erred in granting summary judgment.

Reversed and remanded for further proceedings consistent herewith.

BUCHANAN, C. J., and SULLIVAN, J., concur.

cross–claim a contractual obligation to appear for and defend Johnstone and (2) Ohio was estopped by the judgment in its favor in the action brought by Johnstone from asserting it was not a mere volunteer in settling the third–party claims against Johnstone.

We disagree. Ohio denies any liability under the insurance policy but maintains it undertook the defense of Johnstone and settled the third–party lawsuit under the mistaken belief it was obligated to do so. The trial court's findings

were therefore premised on the erroneous view that one who has no obligation *in fact* to pay a debt of another is always a volunteer.

4. We acknowledge the cases cited in support of the general rule do not allude to the exception which we find applicable herein. However, these cases do not involve a subrogation claim based upon a payment by one who was under the mistaken but good faith belief that payment was legally obligated.